IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Maria Lewis, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20120330-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (December 28, 2012) |
| Department of Workforce Services, | ) | |
| | ) | 2012 UT App 369 |
| Respondent. | ) | |

-----

Original Proceeding in this Court

Attorneys:     Maria Lewis, Murray, Petitioner Pro Se
                     Jaceson R. Maughan, Salt Lake City, for Respondent

-----

Before Judges Orme, Davis, and Christiansen.

¶1     Maria Lewis seeks review of the final decision of the Workforce Appeals Board. Lewis asserts that the Board erred in determining that she quit her position without good cause, thereby making her ineligible for unemployment benefits.

¶2     "[T]his court grants great deference to an agency's findings, and will uphold them if they are supported by substantial evidence when viewed in light of the whole record before the court." *EAGALA, Inc. v. Department of Workforce Servs.*, 2007 UT App 43, ¶ 8, 157 P.3d 334 (citation and internal quotation marks omitted). "Substantial evidence is that quantum and quality of relevant evidence that is adequate to convince a reasonable mind to support a conclusion." *Smith v. Workforce Appeals Bd.*, 2011 UT App 68, ¶ 9, 252 P.3d 372. Furthermore, appellate courts will not reassess an agency's credibility determinations or reweigh the evidence in a proceeding where conflicting evidence is presented. *See Questar Pipeline v. Utah Tax Comm'n*, 850 P.2d 1175, 1178 (Utah 1993). Rather, it is the agency's prerogative to assign weight to conflicting witness testimony. *See id.* "When we review an agency's application of the law to a particular set

of facts, we give a degree of deference to the agency . . . [and] will uphold the [Board's] decision so long as it is within the realm of reasonableness and rationality." *Autoliv ASP, Inc. v. Department of Workforce Servs.*, 2001 UT App 198, ¶ 16, 29 P.3d 7.

¶3      Lewis argues that the Board erred in its determination that she quit her employment and was not discharged. The record supports the Administrative Law Judge's (ALJ) and the Board's findings. Specifically, representatives of the employer testified that the employer notified Lewis that she was required to work on New Year's Eve, and if she did not work that night or find a viable replacement that was acceptable to the employer, she would be terminated. While Lewis did make potential replacement arrangements, the employer did not approve of those arrangements because Lewis's proposal required the employer to pay one of the replacements overtime and that employee was also not properly trained for the evening shift. Because the arrangement did not meet the employer's approval, Lewis was told that she needed to work the shift or she would be terminated. Lewis failed to appear for work on New Year's Eve.

¶4      Rule 994-405-204(3) of the Utah Administrative Code states that "[i]f the claimant refused or failed to follow reasonable requests or instructions, and knew the loss of employment would result, the separation is a quit." Utah Admin. Code R994-405-204(3). Here, testimony demonstrated that Lewis understood that she would lose her employment if she failed to appear for work on New Year's Eve. Further, evidence supported the ALJ's and the Board's finding that the employer's request was reasonable because it was the employer's busiest night of the year and the employer needed experienced workers to handle the workload. Accordingly, because Lewis failed to follow the reasonable requests of her employer and she knew she would be terminated if she did not work on New Year's Eve, the ALJ and the Board correctly analyzed the separation as a voluntary quit instead of a discharge.

¶5      A claimant who voluntarily quits employment may still be entitled to benefits if she shows good cause for the separation or if denying benefits would be contrary to equity and good conscience. *See id.* R994-405-101(3). "To establish good cause, a claimant must show that continuing the employment would have caused an adverse effect which the claimant could not control or prevent. The claimant must show that an immediate severance of the relationship was necessary." *Id.* R994-405-102. Further, even if an adverse effect is shown, good cause may not be found if the claimant reasonably could have continued working while looking for other employment. *See id.* R994-405-

102(1)(b)(i). The Board determined that Lewis failed to demonstrate that she had good cause to quit her employment. We cannot conclude that the Board erred in making this determination. Lewis's sole reasons for not appearing at work were that she had previously made travel arrangements to see friends and family and that she believed that the employer's rejection of her proposed arrangement to cover her shift was unreasonable. Neither reason demonstrates that continuation of her employment would have caused an adverse effect which she could not control or prevent.

¶6    Additionally, the Board determined that denying benefits in this case would not be contrary to equity and good conscience. *See id.* R994-405-103. To meet this standard, a claimant must demonstrate that her actions were reasonable. *See id.* R994-405-103(1)(a). The Board specifically concluded that Lewis's actions were not reasonable. It determined that quitting a job in order to travel was not reasonable and that there were "no mitigating factors that would cause the denial of benefits to be unduly harsh or an affront to fairness." Further, the Board noted that the "factors that motivated [Lewis] to quit would not have motivated a reasonable person to take the same action." Under the circumstances of this case, we conclude that the Board's findings and conclusions concerning whether good cause existed to quit, or whether denying benefits would be contrary to equity and good conscience, are supported by the record and are within the bounds of reasonableness and rationality.

¶7    Accordingly, we decline to disturb the Board's ruling.

_____
Gregory K. Orme, Judge

_____
James Z. Davis, Judge

_____
Michele M. Christiansen, Judge